FILED

OCT 23 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARCHIE DEAN RED BOY III,<br><br>Defendant. | CR 05-96–GF–DLC-RKS<br><br>ORDER |

This case was referred to United States Magistrate Judge Keith Strong for a revocation hearing and findings and recommendations. Judge Strong entered findings and recommendations on September 25, 2013. Defendant admitted he violated two conditions of his supervised release by consuming alcohol and failing to complete sex offender treatment. Judge Strong found the admissions sufficient to establish the supervised release violations. He recommended that this Court revoke Defendant's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of imprisonment of 9 months with lifetime supervised release to follow.

Defendant timely objected to Judge Strong's recommendation and is

therefore entitled to *de novo* review of the specified findings or recommendations to which she objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981).

This Court agrees with Judge Strong's findings. Defendant admitted to the violations and it is appropriate to revoke his supervised release. The United States Sentencing Guidelines call for 3 to 9 months imprisonment. Defendant objects to the recommendation of 9 months custody, arguing his alcoholism is best treated in the community and additional prison time will disrupt his successful transition into the community. While Defendant has made positive steps during his supervised release regarding caring for his children and remaining employed, his actions demonstrate a breach of the Court's trust and a lack of ability to follow the Court's orders.

A sentence of 9 months of custody followed by lifetime supervised release is appropriate because Defendant's underlying sexual abuse offense involved alcohol and his victim died of asphyxiation. Defendant has thus violated perhaps the two most important conditions of his supervised release–abstaining from alcohol and completing sexual offender treatment. A sentence at the high end of

the guidelines will impress upon the Defendant the importance of complying with these conditions for the remainder of his life on supervised release.

IT IS ORDERED that Judge Strong's Findings and Recommendations (doc. 111) are ADOPTED in full and Judgment shall be entered accordingly.

Dated this 23rd day of October, 2013.

Dana L. Christensen, Chief Judge
United States District Court